Honorable John A. Traeger Chairman Committee on Intergovernmental Relations Texas State Senate Austin, Texas 78711
Re: May state release claims on land deeded to former office of the State Superintendent of Public Instruction
Dear Senator Traeger:
Senate Bill 1027, which you submit with your request, releases any claim by the state to a one-acre tract of land deeded from an individual to `Ashbel Smith, Superintendent of Public Instruction and his successors in office. . . .' You inform us that the successors of the original grantor have been in continuous possession of the land for many years. The bill provides for the restoration of title to a successor of the original grantor. You inquire whether the Texas Constitution prohibits the enactment of Senate Bill 1027.
The office of the State Superintendent of Public Instruction was established in 1884. Acts 1884, 18 Leg., 1st S.S., ch. 25 § 8, art. 7, § 12, at 38, 41. The superintendent was charged with the general superintendency of business relating to the public schools of the state. Id. § 13. In our opinion, he was empowered to accept grants of property for school purposes on behalf of the state. The state has power to acquire property, dispose of it, and place it in the hands of a custodian. Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913).
In 1949, the legislature established the position of State Commissioner of Education and gave him the powers and duties formerly vested in the State Superintendent of Public Instruction. Acts 1949, 51st Leg., ch. 299, art. V, § 1, at 537, 543. See Educ. Code § 11.25.
On the facts presented, of which we have no direct knowledge, the tract of land described in Senate Bill 1027 belongs to the state, and we must conclude, in the absence of additional facts, is in the custody of the Commissioner of Education. Its continuous possession by successors of the original grantor does not give them an interest in it. Adverse possession would not run against the state. Humble Oil Refining Co. v. State, 162 S.W.2d 119, 134
(Tex.Civ.App.-Austin 1942, writ ref'd). Nor is the state's title affected by the lapse of time, laches, payment of taxes, or the dereliction of its offices. Id.
The constitution prohibits the legislature from giving away state money or property. Tex. Const. art. III, §§ 44, 51, 52, 55. See also Tex. Const. art. 3, § 56. Attorney General Opinion WW-185 (1957). Consequently, Senate Bill 1027, which gratuitously disposes of state property, would be unconstitutional if enacted.
 SUMMARY
Senate Bill 1027, if enacted, would be unconstitutional because it would authorize the gratuitous disposition of state property to an individual.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General